# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2001

## KENNETH LEE WESTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 40398 and 45862      Randall E. Nichols, Judge**

**No. E2001-01053-CCA-RM-PC**
**August 27, 2002**

A Knox County jury convicted the Petitioner of robbery by the use of a deadly weapon. The trial court found the Petitioner to be an habitual criminal and sentenced him to life imprisonment. This Court affirmed both the sentence and verdict on direct appeal. The Petitioner subsequently filed his first petition for post-conviction relief, alleging ineffective assistance of counsel at his trial. The post-conviction court denied relief, but no appeal ensued. The Petitioner then filed a second petition for post-conviction relief, alleging that counsel in his first post-conviction proceeding was ineffective for failing to file an appeal. After a hearing, the post-conviction court dismissed the second petition and ruled that the Petitioner did not have a constitutional right to effective assistance of counsel in a post-conviction proceeding. This Court affirmed. The Tennessee Supreme Court reversed and remanded the case to the post-conviction court for an evidentiary hearing to determine whether the Petitioner received ineffective assistance of counsel at his first post-conviction proceeding and whether, as a result, the Petitioner was effectively denied a first-tier appeal of his first post-conviction petition. Before the hearing, the Petitioner filed an amended petition for post-conviction relief. The post-conviction court heard the amended petition, but found that the issues raised were without merit. On appeal, this Court affirmed the post-conviction court's finding that the Petitioner had been effectively denied a first-tier appeal in the original post-conviction proceedings, but held that the post-conviction court was not authorized to hear the amended petition. The supreme court affirmed this ruling and remanded the case to this Court for a first-tier appeal of the Petitioner's original and unamended petition for post-conviction relief. Having reviewed the record, we conclude that the Petitioner received effective assistance of counsel at trial. Therefore, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Mark E. Stephens, District Public Defender; Paula R. Voss, Assistant Public Defender (on appeal); and Ellery Hill (at trial), Knoxville, Tennessee, for the appellant, Kenneth Lee Weston.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Robert L. Jolley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. PROCEDURAL BACKGROUND

### A. Conviction

The Petitioner, Kenneth Lee Weston, was charged in a six-count indictment with crimes stemming from the robbery of the Valley Fidelity Bank and Trust Company in Knoxville, Tennessee. A Knox County jury convicted the Defendant of robbery with a deadly weapon.

Prior to the bank robbery, the Petitioner had been convicted of three separate felonies. The Superior Court for Fulton County, Georgia convicted the Petitioner of robbing an Atlanta pharmacy on January 30, 1970. Later, the Petitioner pled guilty in the United States District Court for the Northern District of Georgia for robbing a postal worker in Atlanta on February 9, 1970. Several years later, the Petitioner pled guilty in the United States District Court for the Eastern District of Tennessee for possession of an unregistered firearm with a missing serial number. Based on these prior convictions, the jury found the Defendant to be an habitual criminal.

Based on the Defendant's classification as an habitual offender, the trial court imposed a mandatory life sentence pursuant to Tennessee Code Annotated § 39-1-806 (repealed 1989). This Court affirmed the conviction and the sentence on direct appeal, see State v. Kenneth Lee Weston, No. 1235, 1989 Tenn. Crim. App. LEXIS 807 (Tenn. Crim. App., Knoxville, Nov. 20, 1989), and the Tennessee Supreme Court denied permission to appeal. See State v. Kenneth Lee Weston, No. 1235, 1990 Tenn. LEXIS 106 (Tenn., Knoxville, Mar. 5, 1990).

### B. First Petition for Post-Conviction Relief

The Petitioner subsequently filed his first *pro se* petition for post-conviction relief, and counsel was appointed to represent the Petitioner in that proceeding. The Petitioner alleged that his trial counsel failed to provide effective assistance of counsel. Specifically, he claimed that counsel (1) failed to thoroughly investigate his assertion that two of the prior convictions used to render him an habitual criminal actually arose from one offense; (2) failed to object to jury instructions in the sentencing phase regarding the inference of identity in prior convictions; (3) failed to argue his disputed identity in prior crimes; (4) failed to advise him of the potential use of prior convictions in determining sentences; and (5) that the prosecuting attorney violated his Fifth, Sixth, and Fourteenth Amendment rights.

The Petitioner alleged that two prior convictions used to render him an habitual criminal, a prior federal conviction for robbery of a postal worker and a prior state conviction for robbery of a pharmacy, both occurred on January 30, 1970 at Woodland Pharmacy in Atlanta and therefore

constituted a single offense. The Petitioner claimed that, at the time, Woodland Pharmacy was operating as a United States Post Office contract station. At the post-conviction hearing, the Petitioner's trial counsel testified that he sent a clerk to Atlanta to investigate the Petitioner's allegations. The clerk testified that he traveled to Atlanta, examined the original court file, and interviewed a pharmacist who was employed at Woodland Pharmacy at the time of the robbery. According to the clerk, the pharmacist stated that he had worked for Woodland Pharmacy for twenty-five years and that, during that time, there was no post office inside the pharmacy. The clerk testified that the pharmacist maintained that the nearest post office at the time of the robbery was five miles away. The clerk further testified that he was unable to locate a post office in the vicinity of the pharmacy. Trial counsel stated that the clerk returned with a transcript of the state court trial, the federal court record of conviction, and notes from the interview with the pharmacist. According to counsel, the records and interview indicated that the pharmacy robbery occurred in late January of 1970 and that the post office robbery took place several days later, in early February.[1]

The Petitioner also alleged that he told his counsel that, provided the post office robbery and the Woodland Pharmacy robbery were separate offenses, he was not the individual convicted of the post office robbery. The Petitioner claimed that his counsel was ineffective for failing to argue this point and for failing to object to jury instructions regarding the presumption of identity in prior convictions. However, at the post-conviction hearing, the Petitioner testified that he was in fact the individual who pled guilty in federal court of the post office robbery. Based on this testimony and the testimony of the Petitioner's trial counsel and clerk, the court denied the petition for post-conviction relief.

C. Second Petition for Post-Conviction Relief

On November 25, 1991, the Petitioner filed a second *pro se* petition for post-conviction relief, alleging that his post-conviction counsel was ineffective for failing to file an appeal. The Petitioner maintained that he requested that his post-conviction counsel appeal the denial of his petition, but no appeal was filed. The Petitioner claimed that consequently, he was effectively denied access to the courts. The Petitioner also claimed that his post-conviction counsel failed to redraft his first petition to address "the duplicity and multiple counts within his indictment along with legal ramifications of charging the jury regarding the facts of lesser included offense(s)." After a hearing, the trial court summarily dismissed the petition and ruled that the Petitioner did not have a constitutional right to effective assistance of counsel in a post-conviction proceeding. This Court affirmed the ruling. See Kenneth Lee Weston v. State, No. 03C01-9209-CR-00308, 1993 Tenn. Crim. App. LEXIS 348 (Tenn. Crim. App., Knoxville, May 27, 1993).

The supreme court granted review and, in a *per curiam* order, reversed the judgment of this Court. In its remand order, the supreme court stated:

---

[1] The State requested that the post-conviction court take judicial notice of the certified documents from the Petitioner's original trial which indicate an offense date of January 30, 1970 for the pharmacy robbery conviction, and an offense date of February 9, 1970 for the post office robbery conviction.

The case is remanded to the trial court for an evidentiary hearing on the issue of whether [the Petitioner] was denied a first tier appeal of his original post-conviction petition as a result of inaction on the part of appointed counsel.

If the trial court finds in the affirmative on this issue an appeal shall be granted on the original post-conviction petition or, in the alternative, a new hearing on the petition shall be granted, from which petitioner shall be entitled to a first tier appeal.

Kenneth Lee Weston v. State, 1993 Tenn. LEXIS 402 (Tenn., Knoxville, Nov. 8, 1993).

### D. First Post-Conviction Petition, Amended

Before the trial court could conduct a hearing on the first petition for post-conviction relief, the Petitioner filed an amended petition. In the amended petition, the Petitioner included new allegations: (1) that trial counsel neglected to move for acquittal on the armed robbery charge, although the proof supported only the charge of bank robbery and (2) that trial counsel failed to "raise the variance between the proof and the conviction."

The trial court conducted an evidentiary hearing, found that the Petitioner was denied a first-tier appeal due to the inactions of appointed counsel, and granted the Petitioner an appeal. The trial court also allowed the Petitioner to amend his petition, but found that the grounds alleged in the amended petition were without merit in that the trial court properly submitted to the jury both the armed robbery and bank robbery counts. Therefore, relief based upon the grounds alleged in the amended petition was denied.

On appeal, this Court affirmed the trial court's finding that the Petitioner had been denied a first-tier appeal on the merits of his original post-conviction petition. See Kenneth Lee Weston v. State, No. 03C01-9805-CR-00190, 1999 Tenn. Crim. App. LEXIS 544, at *7 (Tenn. Crim. App., Knoxville, June 3, 1999). We affirmed, on other grounds, the dismissal of the Petitioner's amended claims in that the trial court was not authorized to hear the amendments. See id. at **7-8.

The supreme court affirmed our ruling, stating:

We granted review in this cause to determine whether the trial court exceeded the authority granted upon remand when it permitted Kenneth Lee Weston to amend his post-conviction petition and when it ruled on the amended petition. Because we find that the trial court was without authority to allow the amendment, we vacate all orders pertaining to the amended petition and remand the cause to the Court of Criminal Appeals for a first-tier review of the trial court's denial of the *original unamended petition for post-conviction relief.*

Weston v. State, 60 S.W.3d 57, 57 (Tenn. 2001) (emphasis added).

### II. ANALYSIS

### A. Ineffective Assistance of Counsel

In the original petition for post-conviction relief, the Petitioner first argues that he received ineffective assistance of counsel at trial. Specifically, the Petitioner complains that his counsel (1) failed to thoroughly investigate his assertion that two of the prior convictions used to render him an habitual criminal actually arose from one offense; (2) failed to object to jury instructions in the sentencing phase regarding the inference of identity in prior convictions; (3) failed to argue his disputed identity in prior crimes; (4) failed to advise him of the potential use of prior convictions in determining sentences; and (5) that the prosecuting attorney violated his Fifth, Sixth, and Fourteenth Amendment rights.[2]

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-105 (1990). At the time of the filing of the Petitioner's original petition, the Petitioner had the burden of proving the grounds raised in the petition by a preponderance of the evidence. State v. Clark, 800 S.W.2d 500, 506 (Tenn. Crim. App. 1990); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1976); Bratton v. State, 477 S.W.2d 754 (Tenn. Crim. App. 1971). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn.1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

---

[2] In his brief for this appeal, the Petitioner raises only one of these issues, specifically, that his counsel failed to thoroughly investigate his claims concerning two prior convictions used to render him an habitual criminal. However, at the instruction of the Tennessee Supreme Court, we will briefly consider all issues raised in the Petitioner's original, unamended petition for post-conviction relief. See Weston, 60 S.W.3d at 57.

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

In this case, the original post-conviction court held an evidentiary hearing on the petition and found that the Petitioner's trial counsel provided effective assistance. Proof was presented at the hearing that the Petitioner's trial counsel sent a clerk to Atlanta to investigate the Petitioner's allegations. At the hearing, counsel testified that his clerk returned with a transcript of the state court trial, the federal court record of conviction, and notes from an interview with a pharmacist at Woodland Pharmacy. The clerk stated that, in the interview, the pharmacist reported that there was never a postal facility inside the pharmacy. According to counsel, the records and interview indicated that the offenses occurred several days apart and at separate locations.

At the conclusion of the hearing, the trial court found that counsel "thoroughly" investigated the case and effectively prepared to defend the Petitioner "against the habitual criminal count of the indictment." The trial court then made the following findings of fact:

> [The Petitioner] complains that . . . counsel was ineffective when they failed to object to the instruction of the Court and that he had informed counsel that he was not the same defendant that was connected in Federal case number 27363.
>
> He's testified today that, in fact, he was the individual that was convicted in the Federal District Court of the post office robbery. The allegation necessarily fails.
>
> He next complains that he was not properly advised as to the use of these convictions for recidivous purposes either in the District Court, the Northern District of Georgia, or in Fulton County, Georgia. This is not the place to litigate those issues. It is not of constitutional dimension in any regard. Resultantly, that allegation is not well taken.
>
> He next[] alleges that the prosecuting attorney violated certain guarantees under the fifth, sixth and fourteenth amendments to the Constitution and of certain sections of the Tennessee Constitution. There is no proof in this record supporting those naked allegations.
>
> [The Petitioner] was given full and complete opportunity to litigate the matter on direct appeal to the Court of Criminal Appeals. This was not an allegation in that appeal. It was not complained of. The opportunity was there. The issue was waived. Subject to being predetermined, he chose not to do so. But over and above that these allegations . . . made by [the Petitioner] are not supported by the proof. And resultantly, the Petition for Post-Conviction relief is denied.

The evidence in the record does not preponderate against these findings by the trial court. Other than uncorroborated testimony by the Petitioner, no proof was offered to support the Petitioner's claims. Furthermore, the only evidence presented at the hearing concerned the Petitioner's claim that his counsel failed to adequately investigate two prior convictions which were used to render him an habitual criminal. Finally, while the Petitioner alleged that counsel was ineffective for failing to argue his disputed identity in the prior convictions and for failing to object to jury instructions in the sentencing phase regarding the inference of identity in prior convictions, the Petitioner himself testified at the post-conviction hearing that he was in fact the individual convicted in federal court of the post office robbery. The Petitioner has failed to demonstrate that his counsel's performance was deficient. Nor has the Petitioner shown prejudice resulting from any alleged failure on the part of his attorney. We therefore conclude that the Petitioner received effective assistance of counsel at trial.

## B. Amended Petition

The Petitioner next claims that the additional issues raised in his second petition for post-conviction relief are ripe for review and should be considered by this Court. However, the supreme court has remanded this case "for a first-tier review of the trial court's denial of the *original unamended petition for post-conviction relief.*" Weston, 60 S.W.3d at 57. An order of the Tennessee Supreme Court remanding a case to this Court for a limited purpose deprives this Court of authority to expand its review of the case. See id. at 59 (citing State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995)). The Petitioner's additional issues are not within the scope of the remand order. Therefore, this Court does not have the authority to consider those issues.

Accordingly, having reviewed the trial court's denial of the Petitioner's original, unamended petition for post-conviction relief and having found no error, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE