IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2006

## JOHNNY McGOWAN v. RICKY J. BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 00C-3729     Thomas W. Brothers, Judge**

_____

**No. M2006-00149-CCA-R3-HC - Filed December 21, 2006**

_____

The petitioner, Johnny McGowan, appeals the habeas corpus court's orders dismissing his petitions for writs of habeas corpus and error coram nobis. Following our review, we affirm the orders of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. DAVID G. HAYES, J., filed a concurring opinion.

Johnny McGowan, Petros, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

Procedurally and factually, this matter is complex. In April 1993, in the Criminal Court of Rutherford County, the petitioner pled guilty in Case No. 27110 to three counts of aggravated assault and was sentenced as a Range I, standard offender in each count to concurrent five-year terms in the Department of Correction. On January 24, 1994, he pled guilty in five unrelated cases in the same court and was sentenced as a Range I, standard offender in each case as follows: No. 27903, aggravated arson, twenty years; No. 27457, six counts of reckless endangerment with a deadly weapon, one year for each count; No. 27905, vandalism over $500, one year; No. 27902, arson, five years; and No. 27904, vandalism over $500, one year. All sentences were ordered to be served concurrently.

On December 28, 2000, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Davidson County, alleging that his January 24, 1994, plea agreement, representing

his second set of guilty pleas, was invalid as a matter of law and his sentences were void because he was on bond when the offenses were committed and, thus, the second set of sentences should have been consecutive to the first; counsel was ineffective for coercing him into signing the second plea agreement; and his incarceration was unconstitutional. He attached to the petition the judgments entered as to his January 24, 1994, guilty pleas but did not submit any documentation regarding Case No. 27110, which was the basis for his first set of guilty pleas.

The habeas corpus court found the second and third grounds for relief were not addressable in a habeas action. As to the first ground, the court concluded that, under Tennessee Code Annotated section 40-20-111(b)[1] and Tennessee Rule of Criminal Procedure 32(c)(3)(C),[2] the petitioner's twenty-year sentence should have been served consecutively to the sentences imposed in Case No. 27110 and that the sentence was "void and illegal" because it was imposed "in contravention of statutory law mandating consecutive sentencing." However, the court dismissed the petition because it had not challenged the validity of the sentence imposed in Case No. 27110.

The petitioner appealed to this court, and the judgment of the habeas corpus court was reversed and remanded, Johnny L. McGowan, Jr. v. State, No. M2003-00268-CCA-R3-CO, 2004 WL 741669, at *1-2 (Tenn. Crim. App. Apr. 7, 2004), perm. to appeal denied (Tenn. Nov. 15, 2004), so that the court could determine "whether the petitioner was out on bond for case number 27110 when any of the other felony offenses were committed" and whether concurrent sentencing was a condition of his plea agreement.

Although the habeas corpus court appointed counsel on March 15, 2005, the petitioner simultaneously was continuing to proceed *pro se*, filing a *pro se* motion on April 28, 2005, requesting an evidentiary hearing "as per the mandate of the Court of Criminal Appeals." Additionally, he filed a *pro se* amended petition for writ of habeas corpus on August 8, 2005, withdrawing the claim that he should have received consecutive sentences, which this court had directed be resolved following the remand, and asserting, instead, the new claim that, under the Sentencing Reform Act of 1989, he should have been sentenced as a Range II, multiple offender for his January 24, 1994, convictions because he had three prior felony convictions and his sentences were therefore void and illegal "because [he] was sentenced outside of his qualified sentencing range." The petitioner's counsel filed an essentially identical amended petition on August 26, 2005,

---

[1]Tennessee Code Annotated section 40-20-111(b) provides:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b) (2003).

[2]Tennessee Rule of Criminal Procedure 32(c)(3)(C) states that it is mandatory that "a sentence for a felony committed while the defendant was released on bail" be served consecutively if the defendant is convicted of both offenses, "whether the judgment explicitly so orders or not." Tenn. R. Crim. P. 32 (c)(3)(C).

also withdrawing the previous claim and substituting the new one set out in the *pro se* amended petition. Thus, following the remand, the petitioner abandoned the issue which this court had directed be resolved and, instead, embarked with an entirely new claim.

On November 30, 2005, the petitioner filed a *pro se* motion requesting that the habeas corpus court issue an order of transportation so that he could attend the evidentiary hearing set for December 16, 2005. Following a hearing, the court denied the motion. At the evidentiary hearing, the petitioner's counsel presented no evidence regarding whether the petitioner was on bond for the offenses in Case No. 27110 when he committed any subsequent offenses. On December 16, 2005, the court entered an order dismissing the petition. On January 4, 2006, the petitioner filed both a *pro se* notice of appeal as well as an amendment to his amended petition, asserting again the complaint regarding offender classification and claiming that "in a proceeding after the initial filing of the original petition in this case," he had "succeeded in getting" all six convictions for reckless endangerment with a deadly weapon in Case No. 27457 vacated and dismissed.

While the appeal was pending of the dismissal of his habeas corpus claims, the petitioner then filed on February 13, 2006, a *pro se* petition for writ of error coram nobis in the habeas corpus court, claiming that the court had erred in dismissing his habeas corpus petition because he had not been "produced for his vital testimony" at the hearing and "vital evidence," consisting of various records in his case, was not entered as exhibits at the hearing.

The court dismissed this second pleading as well, an action which the petitioner also appealed. On June 14, 2006, this court ordered that his habeas corpus and coram nobis appeals be consolidated.

## ANALYSIS

To begin our analysis, we first will set out an overview of this matter. Upon the claim in the original petition for writ of habeas corpus that the petitioner committed his second set of offenses while on bond from the first, this court remanded the matter for the court to determine whether this was true and whether concurrent sentencing had been a condition of his plea agreement. However, the petitioner withdrew these claims and sought to proceed, instead, on his claims raised in the amended petition that he was sentenced as a Range I offender while he should have been sentenced as a Range II, multiple offender.

### I. Dismissal of Petition for Writ of Habeas Corpus

The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The

petitioner has the burden of establishing by a preponderance of the evidence that a judgment is void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted). Whether relief should be granted is a question of law which this court reviews *de novo*. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In the order dismissing the petition, the habeas corpus court ruled that because no evidence had been submitted to support the claim made in the original petition, the petitioner failed to meet his burden of proof that the judgment attacked was not facially valid, and, therefore, the petitioner was not entitled to relief. Relying on Weston v. State, 60 S.W.3d 57 (Tenn. 2001), the court also determined that the petitioner could not raise the new grounds for relief asserted in his amended petition on remand. However, relying on Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002), the court determined that the new claims were without merit because if the petitioner had been sentenced as a Range I, standard offender despite qualifying for Range II, multiple offender status, his sentence would be voidable rather than void. The court found that his sentences were not void because they were all within the appropriate range set by statute for Range I offenders. We agree that the petitioner's withdrawing of the claims which were to be reviewed following the remand resulted in the habeas corpus court's having nothing to review. The new claims, set out in the amended petition, were outside the remand instructions from this court and, thus, not properly before the habeas corpus court. Accordingly, it was proper to dismiss the amended petition.

The petitioner further argues that the habeas corpus court erred by not allowing him to amend his petition pursuant to Rule 15 of the Tennessee Rules of Civil Procedure. We disagree. The habeas corpus court did not have authority to "expand the directive or purpose" imposed by this court on remand. Weston, 60 S.W.3d at 59. The court could not consider the petitioner's new claims. Thus, the court acted properly in dismissing the amended petition.

The petitioner argues that the habeas corpus court erred by not allowing him "to testify and present vital evidence" at the evidentiary hearing. This claim ignores the fact, as we have set out, that the court was without authority to consider the claims raised in the amended petition. Thus, this claim is without merit.

## II. Dismissal of Petition for Writ of Error Coram Nobis

In this petition, the petitioner contends that "vital evidence," consisting of his own testimony, the original records in Case Nos. 27902, 27903, 27904, 27905, and 27457, as well as the original

bond form in Case No. 27110, was not presented at the December 16, 2005, hearing and that those documents "would have shown on the face of the record . . . that petitioner's sentences and convictions were void as a matter of law."

The habeas corpus court found that a writ of error coram nobis was not available because habeas corpus proceedings were civil in nature and a writ of error coram nobis could only be issued in a criminal case and the evidence to which the petitioner referred was not "newly discovered."

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for *subsequently or newly discovered evidence relating to matters which were litigated at the trial* if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105 (2003) (emphasis added). The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See id.; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). Therefore, we review this issue under an abuse of discretion standard.

As we view this claim, the petitioner sought to present evidence which was not "newly discovered" but, instead, simply not submitted at the evidentiary hearing, the evidence being relevant either to a claim which he had abandoned or as to which the habeas corpus court was without authority to consider. Thus, we conclude that the court properly dismissed the petition.

### CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the habeas corpus court's orders of dismissal.

_____
ALAN E. GLENN, JUDGE