IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 7, 2000 Session

## KENNETH LEE WESTON v. STATE OF TENNESSEE

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**Nos. 40398, 45862    Richard R. Baumgartner, Judge**

**No. E1998-02620-SC-R11-PC - Filed March 27, 2001**

We granted review in this cause to determine whether the trial court exceeded the authority granted upon remand when it permitted Kenneth Lee Weston to amend his post-conviction petition and when it ruled on the amended petition. Because we find that the trial court was without authority to allow the amendment, we vacate all orders pertaining to the amended petition and remand the cause to the Court of Criminal Appeals for a first-tier review of the trial court's denial of the original unamended petition for post-conviction relief.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Affirmed; Remanded to Court of Criminal Appeals**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. FRANK F. DROWOTA, III, J., not participating.

Mark E. Stephens, District Public Defender, and Paula R. Voss, Assistant District Public Defender, Knoxville, Tennessee, for appellant, Kenneth Lee Weston.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General, Erik W. Daab, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Marsha Selecman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

I. Facts and Procedural History

Kenneth Lee Weston was convicted in 1988 of robbery by the use of a deadly weapon. He was adjudicated to be an habitual criminal and was sentenced to the penitentiary for life. The conviction and sentence were affirmed on direct appeal.

On April 28, 1990, Weston filed his first petition for post-conviction relief, and the trial court appointed Ellery Hill, Esquire, to represent him. In this petition, Weston contended that trial counsel had failed to provide effective assistance of counsel. Specifically, he alleged that counsel: (1) failed to properly investigate prior Georgia convictions used to establish him as an habitual offender; (2) failed to request an instruction that one of the Georgia convictions was based upon a crime not perpetrated by him; (3) failed to advise him of the potential use of prior convictions in determining sentences; and (4) violated his Fifth, Sixth, and Fourteenth Amendment rights. After an evidentiary hearing on July 11, 1991, the trial court denied relief. No appeal was perfected from this judgment.

On November 25, 1991, Weston filed a second petition for post-conviction relief. In it, he alleged that Hill had failed to appeal the denial of his first post-conviction petition, falling thereby below the Baxter v. Rose[1] standard for effective assistance of counsel. Weston also alleged that Hill had failed to redraft his first petition to "incorporate an issue concerning the duplicity and multiple counts within his indictment along with [the] legal ramifications of charging the jury regarding the facts of lesser included offense(s)." After a hearing on April 6, 1992, the trial court summarily dismissed the petition and ruled that Weston did not have a constitutional right to the effective assistance of counsel in his post-conviction proceeding. On direct appeal, the Court of Criminal Appeals affirmed.

Weston sought review, and we granted it. In a per curiam order, we reversed the judgment of the Court of Criminal Appeals.[2] We remanded the case to the trial court for an evidentiary hearing to determine whether Weston had been denied a first-tier appeal of his first post-conviction petition as a result of ineffective assistance on the part of appointed counsel.

Before the trial court could conduct a hearing as directed under the remand, Weston filed an amended petition for post-conviction relief. In this petition, he added two new allegations concerning trial counsel's performance. They are: (1) trial counsel failed to move for acquittal on the armed robbery charge when the proof supported bank robbery only; and (2) trial counsel failed to raise the issue of variance between the proof and the conviction.

On April 23, 1998, the trial court conducted an evidentiary hearing on the second post-conviction petition pursuant to this Court's order of remand. The trial court found that Weston had been denied an appeal of his first post-conviction petition and allowed him to amend the first post-conviction petition. The trial court further found that

> the grounds alleged in [the] Amended Petition for Post-Conviction Relief are without merit in that the trial court properly submitted to the jury for its consideration both the armed robbery count and the

---

[1] 523 S.W.2d 930 (Tenn. 1975).

[2] Weston v. State, No. 03C01-9209-CR-00308, 1993 WL 460500, at *1 (Tenn. Nov. 10, 1993).

bank robbery count and that trial counsel was not ineffective for permitting the trial court to do so without objection.

The trial court, therefore, granted Weston a first-tier appeal of his first post-conviction petition and allowed amendment of this first petition, but denied the relief sought in the amended petition. On appeal, the Court of Criminal Appeals affirmed the trial court's determination that Weston had been deprived of a first-tier appeal but agreed with the State's contention that the trial court "was not authorized to entertain [the] amendment."

We granted Weston's application for permission to appeal to determine whether, on remand, the trial court had the authority to permit Weston to amend his first post-conviction petition.

## II. Standard of Review

Because the issue before us is a question of law, our review is de novo. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

## III. Analysis

We review this case to determine whether, on remand, the trial court had the authority to permit Weston to amend his first post-conviction petition. This Court's order remanding Weston's case to the trial court states:

> Upon consideration of the application for permission to appeal and the entire record in this cause, the Court is of the opinion that the record is inadequate to determine the merit of petitioner's claim.
>
> The case is remanded to the trial court for an evidentiary hearing on the issue whether petitioner was denied a first tier appeal of his original post-conviction petition as a result of inaction on the part of appointed counsel.
>
> If the trial court finds in the affirmative on this issue an appeal shall be granted on the original post-conviction petition or, in the alternative, a new hearing on the petition shall be granted, from which petitioner shall be entitled to a first tier appeal.

This Court has held that "'inferior courts must abide the orders, decrees and precedents of higher courts.'" State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995) (quoting Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976)). Neither a trial court nor an intermediate court has the authority to

expand the directive or purpose of this Court imposed upon remand.[3]  Weston contends that this Court's order gave the trial court the authority to allow an amendment to his first post-conviction petition. This Court's order, however, clearly limited the issue on remand to "whether petitioner was denied a first-tier appeal of his original post-conviction petition as a result of inaction on the part of appointed counsel."  The trial court was authorized to address this issue only.

Because this Court's order limited the issue on remand to whether Weston was denied a first-tier appeal of his first post-conviction petition, the trial court did not have the authority to permit an amendment to the first petition.  We therefore affirm the judgment of the Court of Criminal Appeals in holding that Weston was denied a first-tier appeal of his first post-conviction petition.  We further hold that the trial court did not have the authority to permit Weston to amend his petition. Accordingly, this cause is remanded to the Court of Criminal Appeals for a first-tier appeal of Weston's first post-conviction petition.  Because of our holding in this case, we do not reach the additional issues raised by Weston.

## IV.  Conclusion

Because this Court's order on remand limited the issue to whether Weston was denied a first-tier appeal of his first post-conviction petition, the trial court did not have the authority to permit Weston to amend his first post-conviction petition to allege additional grounds for relief.  The judgment of the Court of Criminal Appeals is, therefore, affirmed, and this case remanded to the Court of Criminal Appeals for a first-tier appeal of Weston's first post-conviction petition.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[3]See Cook v. McCullough, 735 S.W.2d 464, 470 (Tenn. Ct. App. 1987).