# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### February 6, 2007 Session

## HOLLIS G. WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-22102     Paula Skahan, Judge**

---

**No. W2006-00779-CCA-MR3-PC  - Filed June 13, 2007**

---

The petitioner, Hollis G. Williams, who is serving a life sentence without possibility of parole for first degree murder, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief and motion to reopen his prior post-conviction proceedings.  We hold that we are without jurisdiction to consider the petitioner's appeal from the trial court's denial of the motion to reopen.  We also hold that we have jurisdiction to consider the trial court's denial of relief on the petitioner's other post-conviction claims, and we affirm its judgment on those claims.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed in Part, Judgment of the Criminal Court Affirmed in Part**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

John B. Curtis, Memphis, Tennessee, for the appellant, Hollis G. Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner's attempt to obtain post-conviction relief in the present case concerns his claims that he was denied the effective assistance of counsel in the conviction proceedings and in his prior post-conviction case and that his first post-conviction counsel did not comply with the standards of Tennessee Supreme Court Rule 28.  A review of the history of the petitioner's conviction and post-conviction proceedings provides context for this appeal.

The petitioner was convicted of first degree felony murder in 1995.  This court affirmed his conviction, and the supreme court denied review. State v. Hollis G. Williams, No. 02C01-9602-CR-00048, Shelby County (Tenn. Crim. App. Oct. 7, 1997), app. denied (Tenn. Nov. 9, 1998).  He filed

a petition for post-conviction relief in 1999, and after a hearing, the trial court denied relief in 2000. No timely appeal followed, and in 2001, the petitioner's post-conviction counsel filed a motion in this court requesting that the court waive the timely filing of a notice of appeal. The request was denied, as were a petition to rehear and an application for permission to appeal. See Hollis Williams v. State, No. W2001-01699-CCA-MR3-PC, Shelby County (Tenn. Crim. App. July 31, 2001) (order), reh'g denied (Aug. 21, 2001), app. denied (Tenn. Dec. 31, 2001). In 2003, the petitioner filed a motion to reopen his post-conviction case based upon the lack of first-tier appeal of the trial court's adverse post-conviction ruling. The trial court denied the motion. On appeal, this court affirmed, and the supreme court denied review. See Hollis Williams v. State, No. W2003-01211-CCA-R3-PC, Shelby County (Tenn. Crim. App. Jan. 23, 2004) (Rule 20 order), app. denied (Tenn. Apr. 22, 2004).

In August 2004, the petitioner filed the present action, attempting to resurrect the post-conviction proceedings. He made allegations of ineffective assistance of both trial counsel and prior post-conviction counsel. The trial court granted his request for appointed counsel, and after counsel amended the pro se petition, the trial court denied the petition as both a petition for post-conviction relief and as a motion to reopen the prior post-conviction proceedings. The petitioner then filed motions alleging that he was entitled to a hearing on the issue of whether he had been denied a statutory right to post-conviction counsel in the earlier post-conviction proceedings. The trial court denied those motions on January 17, 2006.

At this point, the petitioner began to pursue divergent paths in the litigation. The first concerned his appellate efforts relative to the January 17 order. The second concerned his continued efforts in the trial court to obtain relief based upon the alleged deficiencies of prior post-conviction counsel.

With respect to the petitioner's efforts to obtain appellate relief from the January 17 order denying the petitioner's efforts to reopen, he did not file a timely notice of appeal of this order. However, he sought a waiver of the timely filing of a notice of appeal. The trial court entered an order on March 9, 2006, purporting to allow an untimely notice of appeal. On April 17, 2006, the petitioner also sought permission from this court for untimely filing of a notice of appeal. The petitioner's motion in this court recited his desire to appeal "the trial court's order of January 17, 2006 as supplemented by the trial court's order of March 9, 2006." Although this court noted that case involved a motion to reopen, the court also noted that it was unclear as to the full nature of the trial court proceedings. This court granted his motion on April 26, 2006, and allowed him ten days to file a notice of appeal. The petitioner filed a notice of appeal in the trial court on May 2, 2006, and in this court on May 9, 2006.[1]

---

[1]As discussed below, the petitioner's notice of appeal stated the issues more broadly than his motion seeking permission to pursue an untimely appeal, notwithstanding that it purported to appeal from actions of the trial court which occurred before the petitioner had filed his motion for untimely filing of the notice of appeal.

After the trial court's January 17, 2006 order denying reopening of the post-conviction action, the defendant filed motions in the trial court seeking a hearing on whether the petitioner was denied his statutory post-conviction rights in the prior post-conviction proceedings, and alternatively, seeking an extension of time to make an offer of proof. These motions were filed March 24 and 31, 2006. The latter motion also sought reconsideration of the January 17, 2006 order denying his bid to reopen his prior post-conviction action. The trial court denied these motions on April 5, 2006. In his notice of appeal, the petitioner listed the court's ruling on these motions as a basis for his appeal, notwithstanding the fact that he had been granted permission to file an untimely notice of appeal based upon his representation that he sought to appeal the January 17 and March 9 orders. Against this complex procedural backdrop, the appeal is before the court for disposition.

The petitioner argues that the trial court erred in denying him a hearing on the issues of (1) whether he did not receive a first-tier appeal of his prior post-conviction proceedings due to the ineffective assistance of counsel and (2) whether prior post-conviction counsel failed to meet the standards of Ronald Donnell Moore v. State and Tennessee Supreme Court Rule 28 relative to performance of post-conviction counsel. See Tenn. Sup. Ct. R. 28; Ronald Donnell Moore v. State, No. W1999-02125-CCA-R3-PC, Shelby County (Tenn. Crim. App. July 13, 2001). The state argues that this court is without jurisdiction to consider this appeal because the petitioner's appeal is untimely and that in any event, the petitioner was not entitled to a hearing on his claims.

**I**

We begin with the state's claim that the petitioner's appeal is untimely. The record reflects that the petitioner's appeal is an attempt, in part, to obtain relief from the trial court's denial of his attempt to reopen his prior post-conviction proceedings. The state argues that the petitioner failed to comply with the requirements of Code section 40-30-117(c), which prescribes the manner by which a petitioner may seek appellate review of a trial court's denial of a petition to reopen a post-conviction case. The statute requires the petitioner to file an application for permission to appeal with the Court of Criminal Appeals within ten days of the trial court's denial of the motion to reopen. T.C.A. § 40-30-117(c). The petitioner's application "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Id. Thereafter, the state has a ten-day period for filing its response, after which the court may grant the application only if it determines that the trial court abused its discretion. Id. "Thus, the statute outlines four requirements for an appeal from a motion to reopen which are to be considered: (1) the timeliness of the filing; (2) the place of filing; (3) the application to be filed; and (4) the attachments to the application." Louis Tyrone Robinson v. State, No. W2006-00832-CCA-R3-CD, Gibson County, slip op. at 5 (Tenn. Crim. App. Nov. 22, 2006), app. denied (Tenn. Mar. 19, 2007). The statute casts these prerequisites as requirements, stating that they "shall" be fulfilled. T.C.A. § 40-30-117(c). Although our supreme court has allowed an appeal of a motion to reopen when the petitioner's notice of appeal "substantially complied" with the statutory requirements for an application for permission to appeal under Code section 40-30-117(c), the supreme court in that case considered the timeliness issue first, and once the petitioner demonstrated that he had complied with that prerequisite, the court examined the remaining factors for substantial compliance with the statute.

See Graham v. State, 90 S.W.3d 687 (Tenn. 2002). This court does not have jurisdiction to conduct appellate review of a trial court's denial of a motion to reopen if the application does not meet or exceed the Graham standard. See, e.g., Louis Tyrone Robinson, slip op.

In the present case, the petitioner's effort does not meet the mark. The petitioner did not comply with the requirement that he file a timely application for permission to appeal in this court. The post-conviction statute is mandatory–the application must be filed within ten days. T.C.A. § 40-30-117(c). There is no provision in the statute which provides authority for this court to extend that time, nor can Graham be read to allow anything other than strict compliance with the statute with respect to timely filing of the application. See id.; Graham, 90 S.W.3d at 690-91.

In any event, the petitioner's application was untimely, whether that time is measured from the time the trial court's order denying the motion to reopen was filed or from the order of this court allowing ten days for the filing of an untimely notice of appeal. A review of the record reveals that the petitioner moved this court for permission to waive the timely filing of the notice of appeal and cited Tennessee Rules of Appellate Procedure 4 and 22. This court allowed the motion and noted ambiguity in the order from which the petitioner sought to appeal. We said, "We . . . acknowledge that, while the trial court's order denying relief was captioned 'Order Denying Motion to Re-Open Post-Conviction Proceedings,' it is unclear from the pleadings before this Court whether the caption accurately depicted the nature of the proceedings before the lower court." We noted that, "Under Rule 4(a), Tennessee Rules of Appellate Procedure, the notice of appeal document is not jurisdictional in criminal cases and the filing of such document may be waived in the interest of justice." We then found the interest of justice to be served by waiving the timely filing of a notice of appeal and allowed the petitioner ten days to file a notice of appeal in the trial court. The petitioner did file a notice of appeal with the trial court within the ten days allowed by this court's order. His notice of appeal referenced various rulings of the trial court, including the order denying the petition to reopen the post-conviction proceedings. The notice of appeal was later filed in this court, but not within ten days of the order allowing the late filing.

Finally, even if the notice of appeal met the requirements for consideration as an application for permission to appeal, the petitioner would not be entitled to have his appeal considered because his motion to reopen did not allege any of the limited grounds upon which a motion to reopen may be granted. See T.C.A. § 40-30-117(a). Thus, the petitioner would not be entitled to reopen his prior post-conviction proceedings even if his application were not deficient and untimely.

## II

The petitioner alleged in the trial court that he was entitled to post-conviction relief on claims that had not been raised in his prior post-conviction proceedings. He alleged that trial counsel and prior post-conviction counsel had not provided effective assistance. On appeal, he focuses on his claim that his first post-conviction attorney was ineffective for failing to obtain a first tier appeal. Because these claims may be viewed as attempts to obtain relief outside the motion to reopen framework, we have considered whether the notice of appeal filed in the trial court after this court

granted permission for an untimely appeal properly placed the issues relative to those claims before us. We believe that it did. Code section 40-30-117(c) prescribes a method of obtaining an appeal that is specific to motions to reopen. In general, Rule 3(b) of the Tennessee Rules of Appellate Procedure governs appeals from final judgments in criminal cases and applies in post-conviction cases. See Tenn. R. App. P. 3(b) ("The defendant may . . . appeal as of right from . . . a final judgment in a . . . post-conviction proceeding.").

That said, however, to the extent that the petitioner sought to raise new claims, those claims are barred by the statute of limitations and the one petition rule. See T.C.A. § 40-30-102(a) (one year statute of limitations); -102(c) (one petition). Further, none of the petitioner's allegations fall into the limited exceptions to the statute of limitations and the one petition rule for new constitutional rights, new scientific evidence, or unlawful sentence enhancement. See id. at (b)(1)-(3) (exceptions to statute of limitations); § 40-30-117(a) (exceptions to one petition rule, allowed as motion to reopen).

Notwithstanding these hurdles, the petitioner argues that Weston v. State, 60 S.W.3d 57 (Tenn. 2001), affords him relief. He argues that like the petitioner alleged in Weston, he was denied the effective assistance of counsel in his first post-conviction proceeding because counsel failed to pursue a first tier appeal. The Weston case reached the state supreme court, which remanded the case to the trial court for a hearing on the ineffective assistance and denial of appeal allegation. Id. at 58. On remand, the trial court allowed the petitioner to amend his petition to include additional allegations. Id. at 59. When the matter again reached the state supreme court, the court narrowly stated the issue before it as, "[W]hether, on remand, the trial court had the authority to permit Weston to amend his first post-conviction petition," and held that it did not. Weston, 60 S.W.3d at 59-60. Weston stands solely for that proposition.

The petitioner in the present case seeks the benefit of the earlier proceedings in Weston by citing the reported supreme court case as precedent. Several problems attend that effort. First, the state is not constitutionally required to provide counsel to post-conviction petitioners. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). As such, "there is no constitutional right to effective assistance of counsel in post-conviction proceedings." Id. "The appointment of counsel assists in ensuring that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding." Leslie v. State, 36 S.W.3d 34, 38 (Tenn. 2000). In addressing a claim of ineffective assistance of post-conviction counsel post-Weston, our supreme court reaffirmed that the baseline requirement of due process with which the state must comply is that post-conviction petitioners receive "a meaningful opportunity to be heard." Stokes v. State, 146 S.W.3d 56, 61 (Tenn. Crim. App. 2004); see House v. State, 911 S.W.2d 705, 711 (Tenn. 1995).

Also, the Weston opinion addresses the hearing on ineffective post-conviction counsel only as a matter of procedural history. It did not explain why the court originally had ordered that hearing, and the court's previous per curiam order allowing the hearing was without explanation. See Weston, 60 S.W.3d at 58; Kenneth Lee Weston v. State, No. 03C01-9209-CCA-CR-00308, Knox County (Tenn., Nov. 8, 1993) (per curiam order). Additionally, the petitioner in Weston was

proceeding under the Post Conviction Act as it existed before 1995. That version does not apply to the petitioner at bar. Among other differences, the pre-1995 Act did not explicitly contemplate the filing of only one petition. See Swanson v. State, 749 S.W.2d 731 (Tenn. 1988) ("The simple fact that a petitioner has had one bite at the post-conviction apple does not ipso facto preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined, or that it was unavailable at the time of any prior proceeding."); see also T.C.A. § 40-30-112 (1990) (repealed 1995) (establishing rebuttable presumption that grounds not raised previously are waived). Thus, Weston does not provide authority for the hearing the petitioner seeks.

### III

The petitioner also claimed in his amended petition that he was entitled to a new post-conviction hearing because his first post-conviction counsel's performance failed to meet the standards mandated by an unpublished opinion of this court, Ronald Donnell Moore v. State, No. W1999-02125-CCA-R3-PC, Shelby County (Tenn. Crim. App. July 13, 2001). To the extent this issue may be considered to be a new post-conviction claim, as distinct from his request to reopen the prior post-conviction proceedings, it is properly before us as a Rule 3 appeal.

The petitioner's argument is that post-conviction petitioners have a statutory right to post-conviction counsel pursuant to Code section 40-30-207(b)(1), with the reason for the statutory rule being to ensure that petitioners assert all the available grounds for relief and fully and fairly litigate the grounds in one post-conviction proceeding. Further, the petitioner argues, a post-conviction petitioner is entitled to counsel which complies with the mandates of Tennessee Supreme Court Rule 28, section 6(C) relative to the duties of counsel in a post-conviction case.

In Ronald Donnell Moore, the petitioner, in his first post-conviction proceeding, claimed in his appeal to this court that he had been denied the opportunity to present witnesses at the post-conviction hearing. The petitioner's attorney at the post-conviction hearing informed the court that there were two witnesses whom the petitioner wanted to call but that the witnesses were not present and that counsel had not interviewed them. The trial court received proof but scheduled a hearing at a later date for the two witnesses. When that date arrived, the witnesses were not called. Additionally, the petitioner's post-conviction counsel told the court that the petitioner had notified him two days earlier of two more witnesses the petitioner wanted to present but that counsel had not had an opportunity to subpoena them. The trial court denied relief. The transcript of that hearing did not reflect whether the petitioner was present, and on appeal, he claimed that he was not. The trial court relieved petitioner's post-conviction counsel of further representation. The petitioner filed a motion for reconsideration in the trial court alleging that he was not allowed to enter the courtroom on the second hearing date, that he had been denied a full and fair hearing, that his counsel had not presented witnesses he desired to be called, and that he had been denied the opportunity to establish the deficient performance of trial counsel. Against this backdrop, this court held that the petitioner did not have the opportunity to be heard prior to the trial court's dismissal of the petition as to whether it was his fault that the witnesses were not presented and that he should receive a new post-

conviction hearing. Significantly, the court examined counsel's duties under Rule 28 but held it was unnecessary to determine whether counsel's shortcomings under Rule 28 alone justified the grant of a new hearing. <u>Ronald Donnell Moore</u>, slip op.

The procedural posture of <u>Ronald Donnell Moore</u> was significantly different than that of the petitioner at bar. The petitioner in that case raised his objections in a first post-conviction proceeding, and he did so in a timely manner both in the trial court and in this court. Further, the holding in <u>Ronald Donnell Moore</u> is not as broad as the present petitioner argues. The petitioner argues that <u>Ronald Donnell Moore</u> provides authority for a new post-conviction hearing upon a showing of a Rule 28 violation, but the court in <u>Ronald Donnell Moore</u> specifically noted that its decision did not rest solely on a Rule 28 violation. Although the Post-Conviction Act provides for appointed counsel and Rule 28 mandates certain obligations of counsel in a post-conviction case, it does not follow that an allegedly aggrieved petitioner is entitled to a new post-conviction hearing. In <u>Richard L. Elliott v. State</u>, No. M2004-00853-CCA-R3-PC, Montgomery County (Tenn. Crim. App. June 3, 2005), <u>app. denied</u> (Tenn. Dec. 5, 2005), the petitioner sought a new post-conviction hearing for Rule 28 shortcomings. We said, "We emphasize the importance of Rule 28 and post-conviction counsel's compliance with the rule. However, a Rule 28 violation does not afford the remedial right of a second or amended post-conviction hearing." <u>Richard L. Elliott</u>, slip op. at 3.

We are not persuaded that the petitioner before us should receive a new hearing solely on the basis of Rule 28 in a successive post-conviction proceeding. This is not a first post-conviction proceeding in which the petitioner has alleged promptly that he was not present and unable to voice his objection to counsel's failure to investigate and present witnesses he desired to be called. The petitioner has had the opportunity to raise a claim for a delayed appeal, and unfortunately for him, he has been procedurally barred for unrelated reasons.

In consideration of the foregoing and the record as a whole, the petitioner's appeal of the trial court's denial of the motion to reopen is dismissed. The trial court's denial of his other claims for post-conviction relief is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE