IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2014 Session

## STATE EX REL. DEPARTMENT OF TRANSPORTATION v. WILLIAM H. THOMAS, JR.

**Appeal from the Chancery Court for Shelby County**
**No. CH0704541    Walter L. Evans, Chancellor**

_____

**No. W2013-02082-COA-R3-CV - Filed December 11, 2014**

_____

This is the second appeal of this case involving the Appellee's construction of a billboard without the required state permit. In the first appeal, this Court held that the trial court did not have subject-matter jurisdiction to adjudicate any of Appellee's purported defenses or counterclaims raised in response to the State of Tennessee's petition for injunctive relief. Accordingly, we held that the trial court's order was "void and of no effect." Upon remand, the State sought restitution for amounts paid to Appellee pursuant to the void order. In contravention of the law of the case, the trial court awarded Appellant only part of its restitution, and ruled in Appellee's favor on his First Amendment defense to the State's petition. Accordingly, we reverse the trial court's order and remand the case with mandated instructions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded**

KENNY ARMSTRONG, J. delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

George Griffin Boyte, Jr., Jackson, Tennessee, for the appellant, State of Tennessee *ex rel.* Department of Transportation.

William H. Thomas, Jr., Memphis, Tennessee appellee, Pro Se.

1

**OPINION**

**I. Background**

This is the second appeal of this case, which began on March 2, 2007, when the State of Tennessee *ex rel.* Department of Transportation ("TDOT," "State," or "Appellant") sought injunctive relief against Appellee William H. Thomas, Jr. to enjoin him from constructing a billboard on property identified as the Crossroads Ford site. *State ex rel. Com'r of Dept. of Transp. v. Thomas,* 336 S.W.3d 588 (Tenn. Ct. App. 2010) ("*Thomas I*").[1] Mr. Thomas' permit application for the Crossroads Ford site billboard (number 5848) was denied because his billboard site was less than 1,000 feet from an existing permitted billboard owned by a competitor. *Thomas I*, 336 S.W.3d at 592 (citing TDOT Rules, Chapter 1680-02-03-.03(a)(a)(4)). Mr. Thomas filed an administrative appeal from the denial of his permit for the Crossroads Ford site, but proceeded to engage in "ongoing construction of the billboard structure at the. . . site." *Id*. at 593. TDOT alleged that because Mr. Thomas did not have a permit for the Crossroads Ford site billboard, the structure violated the Billboard Regulation and Control Act, Tennessee Code Annotated Section 54-21-104." *Id.* at 593. Accordingly, TDOT sought an injunction to stop Mr. Thomas from going forward with the Crossroads Ford billboard, and to have him remove any portion of the billboard that he had constructed on the site. In response to TDOT's request for injunction, Mr. Thomas filed several counterclaims, asserting, *inter alia*, that TDOT had "adopted a policy of selective enforcement and hostile and discriminatory action against Thomas. . . ." *Id*. In his counterclaims, Mr. Thomas further alleged that TDOT had "refused his request for an administrative hearing . . . [in] violat[ion] of his right to due process and equal protection." *Id*. at 594. In response, TDOT argued that the trial court did not have subject-matter jurisdiction over Mr. Thomas' counterclaims, and that Mr. Thomas' claims against TDOT could be asserted only in Davidson County. *Id*. The trial court ultimately determined that it had jurisdiction over Mr. Thomas' counterclaims. Having found jurisdiction, the trial court proceeded to grant Mr. Thomas "expansive injunctive relief" to curtail TDOT from acting "any way 'except equitably and equally,' toward Thomas. . ." *Id.* at 595. The trial court did not expressly address TDOT's petition for injunctive relief. *Id*. Nonetheless, "[d]evelopments in Mr. Thomas' administrative proceedings on his billboard permit applications soon resulted in further escalation of the Shelby County litigation." *Id*.

On June 6, 2007, the TDOT Commissioner issued an order in the pending administrative contested case regarding the Crossroads Ford site. The Commissioner's final order affirmed

---

[1] The original appeal in *Thomas I* involved several billboard sites. However, the instant appeal addresses only the Crossroads Ford site billboard.

the order of the Administrative Law Judge, which held that Mr. Thomas did not qualify for any exceptions to the proximity rule and, therefore, was not entitled to a billboard permit for the Crossroads Ford site. *Thomas I*, 336 S.W.3d at 596. Following this adverse ruling, Mr. Thomas filed several motions and petitions in the Shelby County trial court. Specifically, he alleged that certain TDOT employees, who were allegedly hostile to Mr. Thomas, had participated in the TDOT Commissioner's hearings, which had resulted in the adverse ruling on Mr. Thomas' billboard sites. *Id*. at 596. Accordingly, Mr. Thomas asked the trial court for injunctive relief to enjoin these TDOT employees from participating in any TDOT matter involving Mr. Thomas. *Id*. The trial court held a hearing on Mr. Thomas' request for injunctive relief on July 6, 2007. *Id*. at 597. Following this hearing, the trial court granted some of Mr. Thomas' requests for relief, including staying the Commissioner's June 6, 2007 final order, and ordering TDOT to comply with Mr. Thomas' discovery requests. *Id*. The court then scheduled a show cause hearing for August 7, 2007, requiring the two TDOT employees, who were allegedly hostile to Mr. Thomas, to appear and show cause regarding their involvement in the TDOT Commissioner's June 6, 2007 orders. *Id*.

At the beginning of the August 7, 2007 show cause hearing, Mr. Thomas announced that "he intended to present proof concerning a wide range of grievances against TDOT, dating back to 2005." *Thomas I*, 336 S.W.3d at 597. Over TDOT's objection, the trial court allowed Mr. Thomas to present witnesses and other proof "to establish the basis for [his] contention of bias and prejudice, [and] partiality on the part of these TDOT employees." *Id.* From this point, "the show cause hearing grew into a proceeding that spanned some ten days. . . [and] involved approximately a dozen witnesses. . . and approximately seventy-six exhibits." *Id.* Meanwhile, in September 2007, during the course of the testimony in the show cause hearing, Mr. Thomas received notice from TDOT of administrative proceedings in five contested matters related to his permit applications for billboards at various sites, including the Crossroads Ford site. After the conclusion of testimony in the show cause hearing, but before the trial court entered an order, Mr. Thomas filed a motion asking the trial court to issue a stay in all five of TDOT's administrative proceedings. *Id.* at 598. After hearing Mr. Thomas' motion to stay, on October 24, 2007, the trial court entered an order, in which the court granted Mr. Thomas' motion and ordered stays in all five of Mr. Thomas' contested cases. *Id*.

On February 12, 2008, the trial court entered a 110-page order on Mr. Thomas' various requests for relief. In its order, the court addressed the issue of jurisdiction. "The trial court recognized that the UAPA, specifically Tennessee Code Annotated §4-5-322, provided that 'Judicial Review of an Administrative Body's decision should be instituted in the Chancery Court of Davidson County.'" *Thomas I*, 336 S.W.3d at 598. However, the court

3

noted that Tennessee Code Annotated §20-4-107, related to venue, provides that actions involving "real property in which the State of Tennessee or any agency thereof, is a party, may be properly instituted in any county in which such property is located." It also cited caselaw stating that "[a] plaintiff, by filing suit, waives any right to dispute venue." . . . Finally, the trial court determined that Thomas' claims were compulsory counterclaims pursuant to Tennessee Rule of Civil Procedure 13.01, because they arose out of the same transaction or occurrence as the State's original petition for injunctive relief. . . .

*Id*. at 598-99. In light of these findings, the trial court found that "as a matter of policy, Mr. Thomas' counterclaim should be heard in this [Shelby County] Court to promote judicial economy." *Id.* at 599. Accordingly, the trial court rejected TDOT's argument that it did not have subject-matter jurisdiction over Mr. Thomas' counterclaims.

By order of March 19, 2008, the trial court ordered that Mr. Thomas' application on the Crossroads Ford site permit would be remanded to the TDOT Commissioner for "reconsideration within the trial court's limits." *Thomas I*, 336 S.W.3d at 600. The trial court awarded Mr. Thomas $10,000 in attorney's fees as appropriate damages and sanctions against TDOT for its "failure to comply with the orders of the trial court." *Id*. On April 17, 2008, TDOT filed its appeal in *Thomas I*. On the same day, Mr. Thomas filed a series of post-judgment motions in the trial court. Over TDOT's objection, the trial court heard all of Mr. Thomas' post-judgment motions. *Id*. On September 23, 2008, the trial court entered an order denying Mr. Thomas post-judgment relief; however, it ordered TDOT to pay Mr. Thomas $16,135.63 in discretionary costs. *Id*. TDOT filed a supplemental notice of appeal from the September 23, 2008 order. *Id*.

In *Thomas I*, we defined the determinative issue to be "whether the trial court had subject-matter jurisdiction to adjudicate the claims for relief asserted in Thomas' counterclaim and Thomas' subsequent requests that arose from the counterclaim." *Thomas I*, 336 S.W.3d at 601. On appeal in *Thomas I*, Mr. Thomas argued that the trial court had correctly found that Tennessee Code Annotated Section 20-4-107,[2] as opposed to Tennessee Code Annotated

---

[2] Tennessee Code Annotated Section 20-4-107 states:

> Notwithstanding any other law or rule of procedure to the contrary, any action the subject matter of which involves real property in which this state, or any agency of this state, is a party, may be properly instituted in any county in which the property is located.

Section 54-21-105(d),[3] was applicable to his case because the case involved "real property." *Id*. at 601-602. Specifically, Mr. Thomas argued that the "resolution of his claims and defenses against TDOT determines whether Thomas can use his Shelby County property in a way that is economically beneficial. In this way, he argues, they 'involve[] real property' and under Section 20-4-107, may be asserted against TDOT in Shelby County." *Id*. at 603. In ***Thomas I***, we specifically rejected Mr. Thomas' argument, finding that "[a]ny involvement of real property in Thomas' claims against TDOT is tangential at most; the thrust of his claims are that TDOT officials acted in an unfair manner toward him with respect to his applications for billboard permits." *Id*. at 604. Accordingly, we held that "Thomas' claims against TDOT do not involve real property and Section 20-4-107 does not apply." *Id*. at 605 (citing ***Barry v. Com'r of Commerce & Ins.***, No. 01A01-9404-CH-00156, 1994 WL 485588, at *1-*2 (Tenn. Ct. App. Sept. 9, 1994)).

Tennessee Code Annotated Section 54-21-104(a) provides:

> (a) Unless otherwise provided in this chapter, no person shall construct, erect, operate, use, maintain, or cause or permit to be constructed, erected, operated, used, or maintained, any outdoor advertising within six hundred sixty feet (660') of the nearest edge of the right-of-way and visible from the main traveled way of the interstate or primary highway systems without first obtaining from the commissioner a permit and tag.

As noted in ***Thomas I***, "in the absence of a State permit and tag, the Act flatly prohibits the erection or construction of a billboard structure within 660 feet of an interstate highway right-of-way, 'unless otherwise provided in this chapter.'" ***Thomas I***, 336 S.W.3d at 607. In the event of a violation of Section 54-21-104, the next section of the Act provides:

---

[3] Tennessee Code Annotated Section 54-21-105(d) provides, in relevant part, as follows:

> (d) Notwithstanding any other law to the contrary, in any case or controversy arising from any regulatory or enforcement action taken by the commissioner or department under § 54-21-105 or this chapter, wherein any cause of action, claim, counterclaim, cross-claim or any other claim or request for remedy whatsoever is asserted against the state, the commissioner, the department or any official or employee thereof, jurisdiction shall be vested exclusively in the chancery court for Davidson County. . . .

(a)(1) Any person, either owner or lessee, of any outdoor advertising who has failed to act in accordance with § 54-21-104 shall remove the outdoor advertising immediately.

(2) Failure to remove the outdoor advertising shall render the outdoor advertising a public nuisance and subject to immediate disposal, removal or destruction.

Tenn. Code Ann. §54-21-105(a). We noted, in *Thomas I*, that TDOT's original petition for injunctive relief against Mr. Thomas "mirror[ed] the provisions of the Act." *Id*. at 607. Specifically, TDOT's petition alleged that, despite having been denied a permit, Mr. Thomas was erecting a billboard at the Crossroads Ford site, immediately adjacent to the Interstate 40 right-of-way, in violation of Section 54-21-104. *Id*. TDOT's petition asked the trial court to adjudge the billboard to be a public nuisance under Section 54-21-105 and to require Mr. Thomas to remove it immediately at his own expense. *Id.* The petition also asked that any revenues Mr. Thomas received for the use of the unlawful billboard be placed in a constructive trust pursuant to Tennessee Code Annotated Section 54-21-105(c)(7).[4] In *Thomas I*, we further noted that:

> The Answer to [TDOT's] petition filed by Thomas admitted that he had not obtained a TDOT permit for a billboard at the Crossroads Ford site and attached a photo of the billboard that had been partially constructed on that site. Likewise, at the first evidentiary hearing before the trial court, Thomas admitted that construction of a billboard without a permit was illegal under

---

[4] Tennessee Code Annotated Section 54-21-105(c)(7) states:

> All gross revenues received or payable from the operation of any outdoor advertising device erected without first obtaining a permit as required under § 54-21-104 are subject to being forfeited to the state and placed in the highway fund for the administration of this chapter or any other purpose authorized under § 54-21-106. For the enforcement of this subdivision (c)(7), the department may file a petition in the chancery court for the county in which the unlawful outdoor advertising device is or was located or in the county where the person erecting the device resides. In such case, the jurisdiction of the chancery court shall be limited solely to the authority to issue appropriate orders for the enforcement of this subdivision (c)(7), including, without limitation, the authority to establish a constructive trust for an accounting and receipt of revenues obtained from the operation of the unlawful outdoor advertising device.

6

State statutes, that he did not have a TDOT permit for a billboard at the Crossroads Ford site, and that he hired contractors who in fact had begun construction of the billboard on the Crossroads Ford site. Nowhere in the blizzard of pleadings filed by Thomas or in the multiple hearings did Thomas claim that construction of the billboard at the Crossroads Ford site fell within the "unless otherwise provided in this chapter" exception to the Act's blanket prohibition against erecting a billboard without a permit.

*Thomas I*, 336 S.W.3d at 607 (citing Tennessee Code Annotated Sections 54-21-107(a)(1) and (2), outlining exceptions for "advertising activities conducted on the property on which they are located," or "advertising the sale or lease of property on which they are located."). Accordingly, we held:

Because the Act flatly prohibits the erection of outdoor advertising without a State permit, the entirety of Thomas' defenses and counterclaims are irrelevant to the State's petition for injunctive relief. Unless Thomas fits within one of the exceptions named in the Act, if he does not have a State billboard permit, he is not allowed to erect a billboard. Period. Therefore, none of the defenses or counterclaims asserted by Thomas can be considered as "properly defensive" to the State's petition. Thus, this argument in favor of a finding that the trial court had subject matter jurisdiction over Thomas' counterclaim is without merit.

\*                          \*                          \*

In summary, we hold that the Shelby County Chancery Court is without subject matter jurisdiction, i.e., without authority, to hear the counterclaims and other requests for relief asserted by Thomas in this case. It necessarily follows, then, that the judgment of the Shelby County Chancery Court below is **void and of no effect**.

*Thomas I*, 336 S.W.3d at 607-608 (emphasis added). This Court went on to find that, "[f]rom the context of the proceedings, we find that the trial court implicitly denied the State's petition in its entirety." That being said, we noted that it was unclear from the record (as it existed at the time of the appeal in *Thomas I*) "whether Thomas' construction of the billboard at the Crossroads Ford site was ever completed, or whether Thomas removed the

7

partial structure that had been erected, or whether the State's original request for relief has been otherwise mooted." *Id*. at 608-609. Accordingly, we reversed the order of the trial court "in its entirety," dismissed Mr. Thomas' counterclaim, and remanded the case to the trial court for "reconsideration" of TDOT's petition in light of our opinion in *Thomas I*. *Id.* at 609.

While the appeal in *Thomas I* was pending, Mr. Thomas completed construction on his billboard at the Crossroads Ford site without the required State permit. Despite never obtaining the required permit and tag for this billboard, the record indicates that, as early as 2009, Mr. Thomas was operating the Crossroad Ford site billboard for advertising in direct violation of Tennessee Code Annotated Section 54-24-104(a).

In light of the fact that we reversed the previous judgment of the trial court in *Thomas I*, on remand, the State sought restitution and repayment of the costs it had been ordered to pay to Mr. Thomas. Also, on January 24, 2011, TDOT sent a letter notifying Mr. Thomas that the billboard was being operated in violation of law and demanded its removal under the authority outlined in Tennessee Code Annotated Section 54-21-104(a). In response, Mr. Thomas wrote a letter, dated May 11, 2012, to TDOT's attorney, indicating his intent to remove paid advertising from the billboard and to display his "First Amendment Rights of Freedom and Speech" on the billboard "from time to time."

On March 14, 2011, Mr. Thomas, allegedly *ex parte*, petitioned the trial court and received a temporary restraining order enjoining TDOT from taking actions to enforce the Billboard Act in relation to several of Mr. Thomas' billboards, including the one at the Crossroads Ford Site. In response, the State filed an objection and moved to dismiss the temporary restraining order on grounds that: (a) it was contrary to this Court's holding in *Thomas I* that the Chancery Court lacked subject-matter jurisdiction; (b) Mr. Thomas failed to satisfy the notice requirement of Tenn. R. Civ. P. 65.03; and (c) the order lacked a specific finding of irreparable harm or loss. The trial court heard the State's objection on March 29, 2011. The court did not enter its order on this hearing until December 1, 2011, at which time it dismissed the temporary restraining order as to all of Mr. Thomas' billboards **except** the one at the Crossroads Ford Site.

In response to TDOT's motion for restitution and repayment of the costs it had paid to Mr. Thomas, on March 29, 2011, the Chancery Court entered an order, compelling Mr. Thomas to repay the full amount of $10,000.00 in sanctions, but ordering him to pay only half of the $16,135.00 in discretionary costs. The court held that execution could issue for repayment if necessary. Mr. Thomas refused to pay. Accordingly, the State requested and received, from the Clerk and Master, Abstracts of Judgment for execution of the Order of Restitution. The State recorded these as judgment liens against Mr. Thomas' properties in Shelby County

and Fayette County. In response, Mr. Thomas moved the trial court "to compel the cancellation of the abstracts of judgment." The trial court entered an order, finding that the order of restitution was not a "final order," and that the Clerk and Master issued the abstracts of judgment in error. Accordingly, the trial court ordered the State to release its judgment liens.

On February 24, 2012, TDOT filed a motion for summary judgment, seeking a final declaratory judgment that Mr. Thomas had completed and operated the subject billboard at the Crossroads Ford site in contravention of the Billboard Act. The trial court denied summary judgment upon its finding that a question of fact existed as to whether the subject billboard was exempt from regulation by TDOT.

A bench trial was held on February 4, 2013. The trial court entered its order on August 2, 2013. In its August 2, 2013 order, the trial court enjoined Mr. Thomas from using the Crossroads Ford site billboard for commercial advertising unless he first obtains the required state-issued permit. However, the court's order went on to hold that Mr. Thomas may use this billboard for certain non-commercial messages, and that such use: (1) is "exempt from regulation by [TDOT];" and (2) is "subject to the review of this court." The court also held that the billboard "shall not be removed by TDOT without court approval."

The State filed its notice of appeal on September 3, 2013. By order of March 14, 2014, this Court held that the order appealed was not final because the trial court had not adjudicated certain claims, including Mr. Thomas' request for attorney's fees. On May 30, 2014, the trial court entered an order adjudicating all remaining issues. The two orders (August 2, 2013 and May 30, 2014) now form the trial court's final ruling that:

> 1. Any non-commercial messages placed on the subject billboard are protected by Mr. Thomas' First Amendment Right to free speech, and "therefore are exempt from regulation by [TDOT]."
>
> 2. Any non-commercial messages placed on the billboard are "subject to review by [the trial court] at the request of. . . TDOT on a case-by-case basis. . .and [the billboard] shall not be removed by TDOT without court approval."
>
> 3. The trial court also stayed any action to collect the restitution and repayment from Thomas "until the conclusion of any appeals."

9

## II. Issues

The State appeals. It raises four issues for review as stated in its brief:

> 1. Whether the trial court erred for lack of subject-matter jurisdiction in its final order, ruling that Thomas' use of the subject billboard to display certain "non-commercial" messages is exempt from the authority of the TDOT to enforce the Billboard Act.
>
> 2. Whether the trial court erred for lack of subject-matter jurisdiction in its final order, ruling that TDOT's enforcement actions against Thomas' display of "non-commercial" messages are subject to the review of the Shelby County Chancery Court.
>
> 3. Whether the chancery court erred by issuing its March 14, 2011 temporary restraining order enjoining TDOT from enforcing the Billboard Act in regard to Thomas' billboard, despite the "law of the case" that the court lacked subject-matter jurisdiction to review such enforcement actions.
>
> 4. Whether the chancery court erred by depriving the State of full restitution and staying the State's collection of restitution and refund from Thomas of sanctions and discretionary costs that the State had paid Thomas pursuant to a judgment later held to be void.

## III. Standard of Review

As set out in detail above, we have made previous rulings in this case in *Thomas I*. These rulings constitute the law of the case. The Tennessee Supreme Court describes the "law of the case" doctrine as follows:

> An appellate court's final decision in a case establishes the "law of the case" when a case is remanded for further proceedings. This "law of the case" is binding on the trial court during the remanded proceedings and is also binding on the appellate courts should a second appeal be taken after the trial court enters a judgment in response to the remand order.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303,

10

306 (Tenn.1998). The "law of the case" doctrine is neither a constitutional mandate nor an inflexible limit on the adjudicatory power of the courts. Instead, it is "a longstanding discretionary rule of judicial practice," *Memphis Publ'g Co.*, 975 S.W.2d at 306, reflecting the commonsense recognition that issues previously litigated and decided by a court of competent jurisdiction need not be revisited. *In re Estate of Boote*, 256 S.W.3d 402, 413 (Tenn. Ct. App.2007); *Ladd ex rel. Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996). Adhering to the "law of the case" doctrine promotes finality and efficiency in litigation, ensures consistent results in the same proceeding, and assures that lower courts follow the decision of higher courts. *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn.2000); *Harrison v. Laursen*, 128 S.W.3d 204, 208 (Tenn. Ct. App.2003). Thus, except in certain limited situations, the trial court cannot revisit an issue decided in a prior appeal in the same case. *Memphis Publ'g Co.*, 975 S.W.2d at 306. However, the law of the case doctrine does not necessarily apply when the evidence offered at a trial or hearing following the remand is substantially different from the evidence in the earlier proceeding. *Gray's Disposal Co. v. Metro. Gov't of Nashville*, 318 S.W.3d at 348. The extent to which the law of the case doctrine precludes re-litigation of an issue decided in a prior appeal is a question of law, subject to *de novo* review.

## IV. Analysis

Our review of the trial court's rulings on remand clearly shows that it violated the law of the case doctrine in at least two ways. First, this Court declared the judgment of the trial court "void and of no effect." *Thomas I*, 336 S.W.3d at 608. The word "void" indicates that the order appealed in *Thomas I* was rendered "absolutely null." Bryan A. Garner, A Dictionary of Modern Legal Usage 919 (2d ed.1987). Accordingly, on remand, when the trial court entered judgment for TDOT for only half of the discretionary costs it had paid to Mr. Thomas pursuant to the void order, the trial court deviated from the law of the case. Rather, the court should have awarded TDOT the full amount of $10,000 in sanctions, and the full amount of $16,135.00 in discretionary costs, plus any interest accruing on these amounts. For these reasons, we reverse the order of the trial court concerning restitution due TDOT, and we remand for entry of judgment in favor of TDOT in the full amount of $26,135.00 plus any interest accruing on this amount, for which execution may issue if necessary.

In *Thomas I*, we noted that "it is unclear from the record whether Thomas' construction of a billboard at the Crossroads Ford site was ever completed, or whether Thomas removed the partial structure that had been erected. . . ." *Id*. at 608-609. As discussed above, we now know that Mr. Thomas finished construction on the Crossroads Ford site billboard after this Court had explicitly held that "[b]ecause the Act flatly prohibits the erection of outdoor advertising without a State permit.. . . [u]nless Thomas fits within one of the exceptions

11

named in the Act,[5] if he does not have a State billboard permit, **he is not allowed to erect a billboard. Period.**" *Id*. (Emphasis added). Accordingly, we held that "the entirety of Thomas' defenses and counterclaims are irrelevant to the State's petition for injunctive relief. . .[and] none of the defenses or counterclaims asserted by Thomas can be considered as 'properly defensive' to the State's petition." *Id*. This was the law of the case on remand. Therefore, in addition to erroneously granting the State only partial restitution on the void judgment, the trial court also deviated from the law of the case in considering Mr. Thomas' somewhat novel First Amendment defense to the use of the disputed billboard. The trial court did not have jurisdiction to adjudicate this defense under our holding in ***Thomas I***. Regardless of what message is displayed on the Crossroads Ford site billboard, the fact remains that, in the absence of the required permit and tag, Mr. Thomas is "not allowed to erect a billboard. Period." *Id*. In light of our holding in ***Thomas I***, once it became clear that Mr. Thomas had erected the Crossroads Ford site billboard, the trial court should have granted TDOT's original petition for injunctive relief, and should have declared the subject billboard a public nuisance pursuant to Tennessee Code Annotated Section 54-21-104. Because the trial court deviated from the law of the case as set out in ***Thomas I***, we reverse the trial court's order and remand the case to the trial court. Our remand is limited solely

---

[5] The very limited exceptions, as set out at Tennessee Code Annotated Section 54-21-107, are:

> (a) The following outdoor advertising are exempt from § 54-21-104:
>
> (1) Those advertising activities conducted on the property on which they are located;
>
> (2) Those advertising the sale or lease of property on which they are located; and
>
> (3) Those that are official as established under authority of any statute or regulation promulgated with respect to the outdoor advertising.
>
> (b) Any advertising structure existing along the parkway system by and for the sole benefit of an educational, religious or charitable organization shall be exempt from the payment of fees for permits or tags under § 54-21-104.

As we noted in ***Thomas I***, the Crossroads Ford site billboard does not satisfy any of the foregoing exceptions, nor has Mr. Thomas argued any of these exceptions during these proceedings. Accordingly, Tennessee Code Annotated Section 54-21-107 is not applicable, and any argument concerning these limited exceptions is considered waived.

to the following mandates:

> 1. The trial court shall enter judgment in favor of the State, and against Mr. Thomas, in the full amount $26,135.00, and allow the State to collect payment upon the injunction bond for the temporary restraining order that was wrongfully issued on March 14, 2011. The trial court shall further allow execution to issue against Mr. Thomas for these amounts plus any interest accruing on these amounts.
>
> 2. In light of the fact that Mr. Thomas has not obtained a permit for the Crossroads Ford site billboard, the trial court shall grant the State's original petition in full. Specifically, the court shall declare the Crossroads Ford site billboard a public nuisance under Tennessee Code Annotated Section 54-21-104(a)(2), and shall further enjoin Mr. Thomas to completely remove the offensive billboard at his own expense within 90 days of the entry of judgment in this appeal. Should Mr. Thomas fail to remove the billboard within the 90 day time period, the State may remove the billboard under its statutory authority. If the State removes the billboard structure, it shall be entitled to, and the trial court shall render, judgment against Mr. Thomas in the full amount of the State's expenses incurred in the removal of the billboard, including, but not limited to, penalties, fees, and interest thereon. The trial court shall allow execution to issue if necessary for the judgment on removal costs.
>
> 3. The Crossroads Ford site billboard is unlawful and must be removed. In light of our holding in **Thomas I** that the trial court does not have subject-matter jurisdiction over Mr. Thomas' defenses, the trial court shall not hear any further claims, counterclaims, purported defenses, or arguments from Mr. Thomas supporting the continuing existence or use of the Crossroads Ford site billboard. If Mr. Thomas has any further arguments, he may address them solely to the Chancery Court of Davidson County under Tennessee Code Annotated Section 54-21-105(d).

The Tennessee Supreme Court has stated that inferior courts must follow the "orders, decrees, and precedents of higher courts." **Weston v. State**, 60 S.W.3d 57, 59 (Tenn.2001)

13

(quoting *State v. Irick*, 906 S.W.2d 440, 443 (Tenn.1995)). "Neither a trial court nor an intermediate court has the authority to expand the directive or purpose of this Court imposed upon remand." *Weston*, 60 S.W.3d at 59 (citing *Cook v. McCullough*, 735 S.W .2d 464, 470 (Tenn. Ct. App.1987)). This limitation of authority ensures finality and stability within the law and judicial proceedings. *Irick*, 906 S.W.2d at 443 (Tenn.1995) (quoting *Barger*, 535 S.W.2d at 341 (Tenn.1976)). Thus, "[w]hen a trial court receives a case that has been remanded, the trial court must strictly comply with the appellate court's mandate, and typically lacks the power to deviate from the terms of the appellate mandate, absent either permission from the appellate court or extraordinary circumstances." *Rudd v. Rudd*, No. W2011–01007–COA–R3–CV, 2011 WL 6777030, at *7 (Tenn. Ct. App. Dec. 22, 2011) (citing *Silvey v. Silvey*, No. E2003–00586–COA–R3–CV, 2004 WL 508481, at *3 (Tenn. Ct. App. Mar. 16, 2004)).

For the foregoing reasons, we reverse the order of the trial court. The case is remanded in accordance with the mandates outlined in this opinion, and for no other reason. Costs of the appeal are assessed against the Appellee, William H. Thomas, Jr., for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE